OLIVE A. WORTHINGTON *vs.* MICHELINA SHEWCOV.

JUNE 3, 1959.

PRESENT: Roberts, Paolino and Powers, JJ.

POWERS, J.   This is an action of trespass for assault and battery.   The case was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the defendant.   It is before us on the plaintiff's bill of exceptions.   The only exception pressed is the sixth, namely, that a portion of the charge was prejudicial error in that it invaded the province of the jury.

By agreement of counsel the instant case was argued before us together with two companion cases, Olive A. Worthington v. Michelina Shewcov, Ex. No. 9872, and Olive A. Worthington v. Nicholas Shewcov, Ex. No. 9873.   For reasons of clarity we have this day filed a separate opinion therein.   *Worthington* v. *Shewcov*, 89 R. I. 169.

The record discloses the following pertinent facts.   On January 20, 1949 plaintiff and her husband rented from Nicholas and Michelina Shewcov, husband and wife, a

third-floor apartment located at 284 Friendship street in the city of Providence. The apartment of plaintiff and her husband was above the one occupied by defendant and her husband. It appears that from the very outset the relationship of landlord and tenant was something less than harmonious. Both defendant and her husband testified that plaintiff walked noisily in her apartment above their heads and was constantly slamming doors.

The plaintiff testified that she and her husband were not permitted to use the front door, that water was not always available, and that other utilities such as heat and light were inadequate. This testimony was flatly contradicted by the Shewcovs, and plaintiff on her part denied the charges made by defendant and her husband.

The unhappy relationship existing between the parties erupted on May 16, 1949 when the incident which led to the present litigation occurred. The plaintiff testified that on the day in question she was on her way down the front stairs, which led from her apartment to the door on the street level, when defendant's husband came out of his second-floor apartment and started up the stairs which plaintiff was descending. She further testified that he moved slightly from side to side on the stairs waving his arms in an effort to block her passage. It is her testimony that at this point defendant ran up the stairs and punched plaintiff three times in the stomach. The plaintiff states that she then called to her husband for assistance and the Shewcovs retired to their apartment. Her testimony as to what then transpired relates only to the alleged assault on her husband and is not material to the instant case.

The defendant and her husband testified that neither of them left their apartment. It is their version that Mr. Shewcov called to plaintiff as she passed the open door of their apartment and admonished her not to slam the front door on her way out. They further testified that plaintiff then called to her husband who came down the stairs, en-

tered the Shewcov apartment and without provocation raised his hand to strike defendant's husband.

It is to be observed that about five o'clock on the day of the altercation, plaintiff and her husband went to the Providence police station and the latter complained that he had been assaulted by the Shewcovs but no mention was made of an assault on plaintiff by the defendant in the instant action.

The testimony relative to the complaint made by plaintiff's husband was given by Lieutenant Leo Maher of the Providence police from a record made by him during the interview with plaintiff's husband. Although the record contains no mention of an assault on plaintiff by defendant it does contain a statement made by Nicholas Shewcov that he went out and met plaintiff on the stairs. This substantiates plaintiff's testimony at the trial and contradicts the testimony of Nicholas Shewcov.

As stated, plaintiff has pressed only her sixth exception, namely, that the trial justice invaded the province of the jury when in charging them on the question of damages he made the following comment: "Now counsel, in his argument, said something about punitive damages. I have seen no evidence that would convince this court that I should charge you on punitive damages, because I see no act of violence and wanton deliberateness that would warrant that * * *."

Counsel for plaintiff contends that the words "I see no act of violence and wanton deliberateness" constitute a comprehensive conclusion as to the weight that should be given to plaintiff's testimony and is an attack on her credibility. We are of the opinion that here as in the companion cases the language complained of constituted prejudicial error. The record clearly discloses that if plaintiff's testimony were to be believed by the jury there was evidence from which they could find that she had been the victim of an unprovoked assault by defendant. We cannot say

that her credibility was not seriously affected by the language employed by the trial justice. This portion of the charge was totally unwarranted. It is for the jury to assess punitive or exemplary damages in an action of trespass for assault and battery and the "court fulfils its function when it instructs the jury whether the case is one that is proper for such damages, and brings to their mind the evidence of wilful malice or aggravation, if such there be, on which they are to exercise their discretion." See *Kenyon* v. *Cameron*, 17 R. I. 122, 125.

In the instant case the alleged assault on plaintiff was made by defendant at a time when the only parties to the altercation were the plaintiff and defendant's husband according to plaintiff's testimony. If believed, and considering the conflict in the testimony of Nicholas Shewcov at the trial and his statement to the police on the day of the incident it may well have been believed, it is clear that defendant's conduct constituted a willful assault on plaintiff. See *Hargraves* v. *Ballou*, 47 R. I. 186. We cannot say that the unwarranted comment by the trial justice that he saw no act of violence or wanton deliberateness did not unduly influence the jury's appraisal of plaintiff's credibility.

The defendant's contention that even if error the comment was not prejudicial when the charge is read as a whole is without merit. See *Worthington* v. *Shewcov*, 89 R. I. 169, and *W. C. Viall Dairy, Inc.* v. *Providence Journal Co.*, 79 R. I. 416.

We deem it unnecessary to review the defendant's argument on the statute of limitations, since that issue was resolved in the companion cases and our opinion therein is applicable to the instant case.

The plaintiff's sixth exception is sustained, and the case is remitted to the superior court for a new trial.